UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Reginald J. Williams,

    Plaintiff,

v.                                                                          Civil No. 12-999 (JNE/JSM)
                                                                       ORDER

Bank of America, N.A., BAC Home Loans
Servicing, LP, Mortgage Electronic
Registration Systems, Inc., and America's
Wholesale Lender,

    Defendants.

Defendants removed this action from state court on the basis of jurisdiction conferred by 28 U.S.C.A. § 1332(a) (West, Westlaw through P.L. 112-90). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Observing that Defendants did not properly allege the citizenship of all parties in their Notice of Removal, the Court grants them an opportunity to amend it.

Section 1332(a)(1) provides that a district court has original jurisdiction of a civil action if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states. "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Because they removed the action from state court, Defendants bear the burden of establishing subject-matter jurisdiction. *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).

In their Notice of Removal, Defendants stated that "Plaintiff is a resident of Minnesota." It is well established that citizenship and residence are not synonymous for purposes of diversity jurisdiction. *See, e.g.*, *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Defendants stated that Bank of America, N.A., "is a national banking association with its principal place of business in North Carolina." For purposes of diversity jurisdiction, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006); *see Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, 653 F.3d 702, 709 (8th Cir. 2011) (holding that a national bank whose principal place of business is in a state different from the state where its main office is located "is a citizen only of the state in which its main office is located"). Defendants did not allege the state in which Bank of America's main office is located.[1]

Defendants did not allege the citizenship of BAC Home Loans Servicing, LP's partners, *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Barclay Square Props.*, 893 F.2d at 969, but they did refer to Bank of America as the "successor-by-merger of BAC Home Loans Servicing." Thus, it appears that Defendants did not have to allege the citizenship of BAC Home Loans Servicing's partners.

Finally, Defendants alleged that Mortgage Electronic Registration Systems, Inc., "has its principal place of business in Virginia" and that "America's Wholesale Lender has its principal

---

[1] The Court recognizes that it is unusual for a national bank to have its principal place of business and main office in different states. *See Wachovia Bank*, 546 U.S. at 317 n.9 ("[I]n almost every case . . . the location of a national bank's main office and of its principal place of business coincide."); *Wells Fargo Bank*, 653 F.3d at 708 (considering "the outlier scenario identified in footnote nine of *Wachovia Bank*").

place of business in California." A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1). Defendants did not allege the states by which Mortgage Electronic Registration Systems and America's Wholesale Lender[2] were incorporated.

In short, Defendants did not state with specificity the citizenship of all parties in their Notice of Removal. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2006). "If a party fails to specifically allege citizenship in [its] notice of removal, the district court should allow that party to cure the omission, as authorized by § 1653." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (internal quotation marks omitted); *see McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998). Accordingly, the Court grants Defendants seven days from the date of this Order to file an Amended Notice of Removal that states with specificity the citizenship of all parties. *See Corporate Mgmt. Advisors*, 561 F.3d at 1298 (directing the district court to permit the removing party to amend its notice of removal). If they fail to do so, the Court will remand this action to state court. *See* 28 U.S.C. § 1447(c) (2006).

IT IS SO ORDERED.

Dated: April 26, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[2] In the Notice of Removal, Defendants stated that "America's Wholesale Lender is a trade name for Countrywide Home Loan, Inc., which has its principal place of business in California." Defendants did not allege the state by which Countrywide Home Loan was incorporated.

3